UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UNITED STATES OF AMERICA

                    -against-

JERMAINE DIXON,

                           Defendant.
--------------------------------------------------------X

                                          **MEMORANDUM & ORDER**

                                          01 CR 984 (RJD)

DEARIE, District Judge.

      Defendant Jermaine Dixon, currently serving a thirty-year prison term, moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The motion implicates a pair of recent amendments to the United States Sentencing Guidelines ("USSG"). In 2007, the Sentencing Commission reduced by two levels each of the base offense levels associated with certain quantities of crack cocaine. See USSG App. to Supp. C, amend. 706 (effective Nov. 1, 2007) and amend. 713 (making amend. 706 retroactive, effective Mar. 3, 2008); USSG § 1B1.10(c). Then in 2010, following Congress's passage of the Fair Sentencing Act, which reduced the 100:1 powder/crack cocaine sentencing disparity to 18:1, the Sentencing Commission again amended the Guidelines applicable to crack cocaine by raising the quantities of crack required to trigger each base offense level. See USSG App. to Supp. C, amend. 750 (effective Nov. 1, 2010, made permanent Apr. 6, 2011, and made retroactive Nov. 1, 2011); see also Pub. L. No. 111-220, 124 Stat. 2372 (2010).[1]

      As defendant's sentence was not "based on" the Guidelines for crack offenses, however, he is ineligible for a reduction. Therefore, his motion is denied.

---

[1] Although defendant's motion for retroactive application of the 2007 amendments predated the 2010 amendments to the Sentencing Guidelines, this Court is empowered to move *sua sponte* for a sentence reduction. 18 U.S.C. § 3582(c)(2) ("[O]n its own motion, the court may reduce the term of imprisonment . . . .").

# I. BACKGROUND

In October 2001, defendant pleaded guilty to conspiring to possess and distribute over 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841 and 846. During defendant's May 2005 sentencing, this Court determined that defendant murdered Alphonso Gooden in furtherance of the charged conspiracy. The evidence presented at an earlier <u>Fatico</u> hearing had "overwhelmingly establishe[d]" that the defendant's weapon "irrefutably fired the fatal shot" and that the defendant "shot with the intent to kill." 5/9/05 Sentencing Tr. at 4. Finding that there was "simply no doubt" that the murder "was clearly related" to the drug conspiracy," <u>id.</u> at 4-5, the murder qualified as relevant conduct, and the Court determined defendant's offense level *not* according to the crack cocaine Sentencing Guidelines with a corresponding base offense level of 32 for the 50 grams of crack attributed to defendant, but instead, according to the Guideline for first degree murder. <u>See</u> USSG § 2D1.1(d)(1) ("If a victim was killed under circumstances that would constitute murder[,] . . . apply §2A1.1 (First Degree Murder) . . . if the resulting offense level is greater than that determined under this guideline."). Accordingly defendant's base offense level became a 43, <u>see</u> USSG § 2A1.1, which the Court further increased by two levels for obstruction of justice, <u>see id.</u> § 3C1.1. Defendant's adjusted offense level of 45 resulted in an applicable Guidelines term of life imprisonment. In the interests of justice, the Court felt "obliged to impose" a life sentence. <u>See</u> 5/9/05 Sentencing Tr. at 28-30. Defendant appealed.

In March 2006, the Second Circuit vacated the sentence and remanded for "specific findings regarding how the murder was related to the charged offense," findings which "were necessary to justify a sentence of life imprisonment" based on relevant conduct. <u>United States v. Dixon</u>, 175 F. App'x 384, 385-86 (2d Cir. 2006) (citing USSG § 1B1.3 (Relevant Conduct guideline)). On remand, this Court reiterated that the uncharged murder was "substantially

connected to" and "virtually contemporaneous with" the charged narcotics conspiracy, and again ruled that "[t]he evidence showed beyond any question" that the Gooden murder was "highly relevant" conduct for sentencing purposes. 6/9/06 Sentencing Tr. at 13, 17. Nevertheless, varying downward from the Guidelines' recommendation of life imprisonment in light of the discretion granted in <u>United States v. Booker</u>, 543 U.S. 220 (2005), and the factors set forth in 18 U.S.C. § 3553(a), the Court imposed a sentence of 360 months. 6/9/06 Sentencing Tr. at 17. Dixon again appealed. This time, however, the Second Circuit affirmed, holding "the district court reasonably found that the incident of the homicide was either part of a common scheme or the same course of conduct as Dixon's instant offense, thus satisfying the standard for relevant conduct under USSG 1B1.3(a)(2)." <u>United States v. Dixon</u>, 262 F. App'x 300, 301 (2d Cir. 2008). The Sentencing Commission then twice retroactively amended the guidelines relating to crack offenses in 2007 and 2010.

## II. DISCUSSION

"The Supreme Court . . . [has] explained that § 3582(c)(2) permits a 'limited adjustment to an otherwise final sentence' . . . and set forth a 'two-step inquiry' for resolving motions for a reduction in sentence pursuant to this provision." <u>United States v. Mock</u>, 612 F.3d 133, 136-37 (2d Cir. 2010) (quoting <u>Dillon v. United States</u>, 130 S. Ct. 2683, 2690-91 (2010)). "First, the defendant in question must be *eligible* for a reduction in sentence." <u>Id.</u> at 137 (emphasis in original). To be eligible for a reduction, a defendant's sentence must be "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such a reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); <u>see</u> <u>Dillon</u>, 130 S. Ct. at 2691 (holding that, in sentence modification proceedings based upon the crack cocaine amendments, § 1B1.10 conclusively and *mandatorily*

"determines [a] prisoner's eligibility for a sentence modification and the extent of the reduction authorized"). "If, and only if, a defendant is eligible for a reduction in sentence under" these provisions, then a district court may "'consider any applicable § 3553(a) factors and determine whether'" a reduction is warranted. Mock, 612 F.3d at 137 (quoting Dillon, 130 S. Ct. at 2692).

Defendant argues that the recent crack cocaine amendments "trigger the Court's authority to revisit a sentence under § 3582(c)(2)." ECF Docket # 49, Defendant's Resentencing Motion at 4. As the applicable statute makes clear, however, such authority exists only where a defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). To the contrary, "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2)" where, as here, the relevant "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision ." USSG § 1B1.10, comment. n.1(A).

As the government correctly points out, defendant's sentence was "based on" the first-degree murder Guideline and not the crack cocaine Guidelines.[2] More so, the sentencing range provided by defendant's crack cocaine offense was not even "a relevant part of the analytic framework . . . used to determine the sentence." Freeman v. United States, 131 S. Ct. 2685, 2693 (2011). Any reference to the crack cocaine Guidelines – and there was none – in computing the sentencing range "applicable" to defendant would have been an empty gesture in a process leading to an unrelated result. See, e.g., United States v. Williams, 551 F.3d 182, 185-86 (2d Cir. 2009) (holding that a defendant who pleaded guilty to a crack cocaine offense was "ineligible for a modification of his sentence under § 3582(c)(2) because his sentence was based

---

[2] Section 2D1.1(d)(1), cross-referencing the first degree murder guideline, and Section 2A1.1, the first degree murder guideline itself, have not been revised since defendant was sentenced.

on the statutory mandatory minimum," which "subsume[d] and displace[d] the otherwise applicable guideline range.") (internal quotation marks omitted). The record of defendant's May 2005 sentencing reflects that the "principle issue" was whether defendant was responsible for the Gooden murder and thus, whether "the proper guideline [was] the first degree murder guideline." 5/9/05 Tr. 3. The Court resolved these questions unequivocally against defendant "with no hesitation." Id. On remand from the Second Circuit one year later, the Court reiterated that defendant's sentence was based on the Gooden murder. 6/9/06 Sentencing Tr. at 13, 17.

In sum, because defendant's offense level "was based on the guideline for first degree murder under U.S.S.G. § 2A1.1 and not on the type and quantity of the drugs involved in the crimes of conviction, he cannot benefit from the amendment to the crack guideline." United States v. Tyler, No. 01-CR-922, 2008 WL 925126, at *2 (E.D.N.Y. 2008) (Weinstein, J.), aff'd 328 F. App'x. 735 (2d Cir. 2009); see also United States v. McMillan, No. 94-CR-01179(FB), 2012 WL 1344830, at *1 (E.D.N.Y. Apr. 18, 2012) (Block, J.) ("Contrary to [defendant]'s argument, his sentence was not 'based on' § 2D1.1. simply because in this case § 2A1.1 was reached by cross-reference from the crack cocaine guideline."); Martin v. United States, Nos. 09 Civ. 2337(BMC), 03 Cr. 0795-1(BMC), 2011 WL 6766897, at *1 (E.D.N.Y. Feb. 16, 2011) (Cogan, J.) (holding defendant ineligible for sentence reduction where defendant's "guideline range was calculated pursuant to his responsibility for a drug-related homicide," and not the crack guidelines).

Even if the crack cocaine guidelines had been invoked at sentencing, moreover, defendant would still be ineligible for a sentencing reduction. The amendments to the crack cocaine Guidelines have the effect of reducing defendant's crack cocaine base offense level from 32 to 26, with a corresponding decrease in his applicable sentencing range. Having determined

that the Gooden murder was relevant conduct, however, the Guidelines—mandatory on resentencing—direct the Court to apply the first degree murder Guideline because "the resulting offense level [wa]s greater than that determined under [the crack] Guideline. USSG § 2D1.1(d)(1). Substituting the crack "amendment(s) to the guidelines" had they been in effect "at the time defendant was sentenced," and "leav[ing] all other guideline application decisions unaffected," USSG § 1B1.10(b)(1), defendant's offense level remains a 45—with the 2 point enhancement for obstruction of justice—and the crack amendments "do[] not have the effect of lowering the defendant's applicable guideline range," Id. § 1B1.10(a)(2)(B), which remains life. Accordingly, even if the Court had based defendant's sentence, in part, on the since-amended crack Guidelines, "[a] reduction the defendant's term of imprisonment" would not be "authorized under 18 U.S.C. § 3582(c)(2)." Id. § 1B1.10(a)(2).

### III. CONCLUSION

For the reasons given above, defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.


SO ORDERED.

Dated: Brooklyn, New York
      July 18, 2012                               s/ Judge Raymond J. Dearie

                                            _____
                                            RAYMOND J. DEARIE
                                            United States District Judge